J-S10045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN ALLAN O'BRIAN | : | |
| | : | |
| Appellant | : | No. 660 MDA 2024 |
| | : | |

Appeal from the PCRA Order Entered April 24, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003612-2018

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: MAY 5, 2026**

Jonathan Allan O'Brian ("Appellant") appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Additionally, Appellant's counsel, Kristen L. Weisenberger, Esq. has filed a petition to withdraw from representation and a brief styled pursuant to **Anders v. California**, 386 U.S. 738 (1967).[1]  After

---

[1] As will be discussed *infra*, the proper vehicle for counsel's withdrawal after the denial of a PCRA petition is not an **Anders** brief, but rather a no-merit letter under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, **Turner/Finley**).  Although **Anders** and **Turner/Finley** bear certain similarities in that, in each, counsel is required to independently examine the certified record and present the appellant's issues to the reviewing court, there are also significant differences.  **See Commonwealth v. Wrecks**, 931 A.2d 717 (Pa. Super. 2007) (explaining the differences). However, "because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

careful consideration, we affirm the order denying PCRA relief and grant counsel's request to withdraw.

We briefly note the history of this case. Following a jury trial, Appellant was sentenced on November 25, 2019, to an aggregate term of 30 to 60 years of incarceration, followed by 10 years of probation, for his convictions for rape of a child (18 Pa.C.S. § 3121(c)), two counts of involuntary deviate sexual intercourse (IDSI) with a child (18 Pa.C.S. § 3123(b)), unlawful contact with a minor (18 Pa.C.S. § 6318(a)(i)), indecent assault of a person under the age of 13 (18 Pa.C.S. § 3126(a)(7)), corruption of minors (18 Pa.C.S. § 6301(a)(1)(ii)) and indecent exposure (18 Pa.C.S. § 3127(a)). The charges stemmed from sexual abuse committed by Appellant upon his step-daughter, starting when she was seven to eight years old.

After his conviction, Appellant filed a timely post-sentence motion, which the court denied on December 11, 2019. On appeal, this Court affirmed his judgment of sentence. *Commonwealth v. O'Brian*, 72 MDA 2020, 2021 WL 655441 (Pa. Super. filed February 19, 2021)(unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 2, 2022. *Commonwealth v. O'Brian*, 286 MAL 2021, 277 A.3d 552 (Pa. 2022) (table).

Appellant filed a timely, *pro se,* PCRA petition on December 6, 2022. In response, the court appointed William Shreve, Esquire. However, on January 5, 2023, Attorney Shreve filed a *Turner/Finley* letter and a motion to withdraw because he had concluded that Appellant's issues were previously

litigated or lacked merit. On April 18, 2023, the PCRA court filed a notice under Pa.R.Crim.P. 907 of its intention to dismiss Appellant's PCRA petition without a hearing. Appellant asked for and was granted an extension of time to respond to the Rule 907 notice.

On May 4, 2023, Appellant filed another *pro se* PCRA petition. The court responded via an order dated May 11, 2023, erroneously concluding that it had no jurisdiction to address this petition as Appellant's first PCRA petition remained outstanding. *See Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (holding that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final"). Appellant then asked for more time to respond to the court's Rule 907 notice, which request was granted. On September 20, 2023, the PCRA court issued an order which responded to many of Appellant's *pro se* letters to the court, while repeating its error that the court was jurisdictionally barred from considering Appellant's second PCRA petition that Appellant filed on May 4, 2023.[2] The court also denied Appellant's request for new counsel and reminded Appellant of the upcoming deadline to respond to the Rule 907

_____

[2] As Appellant did not seek permission to amend or supplement his petition, the PCRA court should have determined whether the May 4, 2023, petition was timely.

- 3 -

notice. When Appellant missed that deadline, the PCRA court issued a final order dismissing his PCRA petition. Order, 4/24/24.

While the PCRA court had not ruled on Attorney Shreve's motion to withdraw, Appellant filed a timely *pro se* notice of appeal on May 10, 2024. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant wrote *pro se* letters to the trial court asking for certain things such as copies of his discovery and also asking the court to order visitation between Appellant and his children. The trial court responded by filing an order noting that it would not address matters contained in Appellant's letters that had nothing to do with his criminal case. Order, 7/23/24. When Appellant had not filed his statement of errors by the due date, the trial court issued an opinion suggesting that all of his issues were waived. PCRA Court Opinion, 7/30/24.

After the PCRA court issued its opinion indicating waiver, Appellant filed a *pro se* application for relief in this Court, noting that he had not received notice of the deadline for filing his concise statement. Application For Relief, 8/28/24. Thereafter, this Court asked the PCRA court to conduct a hearing to determine whether Appellant had received proper notice. Order, 11/1/24. The trial court ultimately concluded that Appellant had not received notice. Thus, the record was remanded for Appellant to file his statement of errors *nunc pro tunc*, and for the court to issue a supplemental opinion. Order, 2/18/25.

Appellant filed another PCRA petition on February 5, 2025, and sent a letter to the PCRA court asking to amend the petition with an additional issue on February 18, 2025. Appellant then filed a motion seeking to stay consideration of this petition. In response, the PCRA court granted the stay, noting that it did not have the jurisdiction to consider the new PCRA petition while the first remained outstanding. Order, 3/18/25.

Appellant also filed his concise statement, *pro se*, on February 28, 2025.[3] Thereafter, in this Court, he filed a motion for the appointment of appellate counsel. Motion, 4/16/25. Appellant also filed an application for relief in this Court, raising several issues, on May 19, 2025.[4]

In response to Appellant's request for the appointment of counsel, this Court noted that, while the trial court had dismissed Appellant's PCRA petition, it had never ruled on Attorney Shreve's petition to withdraw. Order, 6/10/25. Accordingly, we remanded this matter to the PCRA court for a determination of whether Attorney Shreve could withdraw and whether new counsel should be appointed for this appeal. *Id.* The trial court permitted Attorney Shreve to withdraw by the order dated July 22, 2025, and appointed new appellate counsel, Kristen L. Weisenberger, Esquire, on September 11, 2025. Attorney

---

[3] The PCRA court has also complied with Pa.R.A.P. 1925.

[4] This application was denied by the Order of May 19, 2025, without prejudice to Appellant's right to reassert his issues in his appellate brief.

Weissenberger filed her *Anders* brief and petition to withdraw on December 1, 2025. The appeal is now ready for our disposition.

The following are the issues raised in the *Anders* brief: 1) Appellant was not given *Miranda*[5] warnings at the hospital during his initial interview with detectives, 2) Appellant's sentence is unfair, 3) police officers illegally searched Appellant's phone during his transport from the hospital to the police station and counsel should have filed a motion to suppress the results of this search, 4) the doctor who examined the victim did not testify at trial, 5) the victim changed her story, appeared to be coerced, and wrote two letters to Appellant apologizing and claiming that she lied, and 6) two jurors were talking during his trial. *Anders* Brief, 12/1/25, *passim*.[6]

Before addressing the merits of Appellant's claims, however, we must first address counsel's petition to withdraw. Attorneys seeking to withdraw under *Turner/Finley*[7] must first conduct an independent review of the

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6] Appellant's additional PCRA petitions, filed on May 4, 2023, and February 5, 2025, are not properly before this court. Should a petitioner wish to amend a pending PCRA petition, discrete procedural rules apply: "amendment [of a PCRA petition] is permitted only by direction or leave of the PCRA court." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012), *citing* Pa.R.Crim.P. 905(A). Appellant never sought, nor was he granted, permission to amend his PCRA petition. "Where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues." *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014).

[7] *See* n.1, *supra*.

record, then file a "no-merit" letter detailing the nature and extent of counsel's review, listing each issue the petitioner wishes to have examined and explaining for the reviewing court why those issues are without merit. *Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014). Thereafter, the reviewing court must conduct its own independent evaluation of the record and agree with counsel's determination that the petition is meritless. *Id.* Counsel must also serve upon the petitioner a copy of the no-merit letter and application to withdraw, along with a statement advising the client that, if the request to withdraw is granted, they will have the opportunity to proceed *pro se* or with an independently retained attorney, and may raise any additional points they deem worthy of the court's attention beyond those raised in the no-merit letter. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015).

Our review of the record confirms that Attorney Weisenberger has substantially complied with the requirements for withdrawal. Counsel's brief details her review of the certified record, lists the issues Appellant raised in his *pro se* PCRA petition, and explains why they are without merit. Counsel has also filed a separate petition to withdraw as counsel, and appended to that petition the letter she sent to Appellant explaining his rights as listed above. Accordingly, we will proceed to our independent review of the questions presented.[8]

---

[8] Appellant requested and received additional time to file a *pro se* response to the *Anders* brief, but he has failed to do so.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court, which was tasked with hearing the evidence and assessing witness credibility. *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject to plenary review. *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012).

To be entitled to PCRA relief, a petitioner must establish the applicability of one or more of the enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2). *Hanible*, 30 A.3d at 438.

> A petitioner is eligible for relief under the PCRA if he pleads and proves, *inter alia,* any of following claims: a constitutional violation, the ineffective assistance of counsel, an unlawfully induced guilty plea, the improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction. Moreover, a petitioner must plead and prove that an allegation of error has not been waived. A claim is waived under the PCRA if, *inter alia,* it could have been raised on direct appeal.

*Commonwealth v. Price*, 876 A.2d 988, 992–93 (Pa. Super. 2005) (internal citations omitted).

The first issue raised by Appellant deals with questioning by police prior to his arrest. ***Anders*** Brief at 14. Appellant complains that he was arrested and gave a statement without being given the required warnings under ***Miranda v. Arizona***, 384 U.S. 436 (1966). This issue was previously raised in Appellant's direct appeal. ***O'Brian, supra*** at *4-*8*.* However, the reviewing court did not address the merits of the claim due to the lack of a complete record, finding the issue waived. ***Id.*** at *8, *citing* ***Commonwealth v. Manley***, 985 A.2d 256, 263-64 (Pa. Super. 2009). Appellant's counsel maintains, citing only to the PCRA itself, that "[i]f an issue has been previously waived, it is not ripe for PCRA review." ***Anders*** Brief at 14.

These claims are not previously litigated because the appellate court has never ruled on their merits. ***See Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007) (holding that, when the Superior Court did not address the merits of a claim that had been insufficiently developed on direct appeal, the issue is not deemed previously litigated for purposes of the PCRA). However, "an issue is waived [under the PCRA] if the petitioner could have raised it but failed to do so" prior to filing the post-conviction petition. 42 Pa.C.S. § 9544(b). Appellant has not challenged the ineffectiveness of appellate counsel regarding the presentation of this claim, but instead addresses the underlying claim of trial court error. Thus, the claim could have been raised in Appellant's direct appeal, and is waived for our purposes. ***See Commonwealth v. Lambert***, 797 A.2d 232, 240 (Pa. 2001). An issue that

is waived is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881 888-89 (Pa. Super. 2016).

Next, Attorney Weisenberger discusses Appellant's claim that his sentence is "unfair." *Anders* Brief at 15. We note that, on the standard PCRA form initially completed by Appellant *pro se,* he checked the box on the form which asserts that the sentence imposed was greater than the lawful maximum. In his direct appeal, Appellant challenged the discretionary aspects of his sentence such that we may not address that issue anew, *see O'Brian, supra*, at *9-*15; 42 Pa.C.S. § 9543(a)(3) (providing that issues that have been previously litigated are not reviewable under the PCRA). As for whether Appellant's sentence was greater than the lawful maximum, Appellant was sentenced to two terms of 15 to 30 years of incarceration (one for rape of a child and one for IDSI of a child) to run consecutively. These terms of incarceration do not exceed the statutory maximum for those offenses. In each instance, the statutory maximum sentence is 40 years as felonies of the first degree with enhanced penalties for child victims. *See* 18 Pa.C.S. § 3121(e)(1); 3123(d)(1). As Appellant's sentence is within the statutory limits, any corresponding claim of illegality is frivolous.

The next issue discussed in the *Anders* brief addresses the claim that police improperly searched Appellant's phone without a warrant during his transport from the hospital to the police station after his arrest. *Anders* Brief at 15-18. Appellant argues that his counsel should have filed a motion to suppress the information obtained from his phone. In evaluating any claim

encompassing an allegation of ineffective assistance of counsel, the following standards apply:

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the ***Strickland [v. Washington***, 466 U.S. 688 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (most internal citations omitted). If an appellant fails to satisfy any prong of the ineffectiveness standard, the claim will fail. ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa. Super. 2009). The requirement to demonstrate "actual prejudice" to prove a claim of ineffective assistance of counsel under the PCRA means that petitioners must establish a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021) (citation omitted).

We conclude that any claim of trial counsel ineffectiveness is without merit as the claim fails to meet, at minimum, the first and third prongs. Detective Jeffrey Corcoran testified at Appellant's trial that he had prepared a search warrant for Appellant's phone and then turned the phone over to the

Attorney General's office. N.T. Trial Vol. II, 9/10/19, at 209. Detective Corcoran testified that "nothing of note" was found on the phone. **Id.** In fact, the Commonwealth ultimately did not introduce any evidence found from Appellant's phone. Thus, there is no arguable merit to the claim trial counsel should have sought suppression. Further, for virtually identical reasons, Appellant could not establish that he was prejudiced by a failure to challenge non-existent evidence. It is well-settled that "counsel cannot be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (citation omitted). Attorney Weisenberger is correct in that this issue is frivolous.

Appellant also contends that his trial counsel was ineffective because he failed to call Dr. Fraiser,[9] the physician and child abuse specialist who completed the victim's medical exam, to testify at his trial. **Anders** brief at 18-19. "[T]o prove ineffectiveness for failure to call a witness, a PCRA petitioner must prove that (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of, the witness; (4) the witness was willing to testify; and (5) the absence of testimony was so prejudicial as to deny the petitioner a fair trial." **Commonwealth v. Thomas**, 323 A.3d 611, 625 (Pa. 2024).

Dr. Frasier worked collaboratively with Ellen Dyer, a pediatric nurse practitioner at the Children's Resource Center, and Ms. Dyer did testify at trial

_____

[9] Dr. Frasier's first name is not included in the record.

- 12 -

regarding her review of the victim's forensic sexual assault examination. *See* N.T. Jury Trial Vol. II, at 125-156. At Appellant's trial, Ms. Dyer indicated that Dr. Frasier was out of the country and, thus, unavailable to testify. *Id.* at 139. Ms. Dyer testified to having been a nurse for over 40 years, and, in the last 20 years, a nurse practitioner. *Id.* at 126. Ms. Dyer testified as to her background and professional experience, and the court accepted her as an expert. *Id.* at 132.

Appellant's ineffectiveness claim must fail because he has not explained how he was prejudiced by the lack of Dr. Frasier's testimony. The same information that Dr. Frasier would have testified about – the results of the forensic exam of the victim – was established at trial through Ms. Dyer's testimony. Appellant cannot establish how hearing cumulative testimony about the forensic exam from this additional witness would have changed the outcome of his case. Importantly, "boilerplate allegations and bald assertions of … prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted). Because Appellant failed to establish a reasonable probability that, but for counsel's failure to call Dr. Frasier, the outcome of his trial would have been different, he cannot prove prejudice caused by the lack of Dr. Frasier's testimony. Thus, Appellant has not established a right to relief. *Mullen, supra.*

Appellant next assails the victim's credibility generally and her trial testimony specifically, maintaining that she changed her story between her

forensic interview and the time of trial, that she recanted her story by writing two letters to Appellant which said that she had lied and apologized for accusing him, and that the victim's demeanor on the stand "seemed to be" coerced by the prosecutor and police officers in the courtroom. *Anders* Brief at 19-21.

While not artfully stated, it seems that, with respect to the victim's notes or letters written to Appellant after his arrest, Appellant is alleging that counsel was ineffective for failing to introduce them at his trial.[10] However, those

---

[10] To the extent these allegations are solely about the credibility of the victim and what weight should have been given to that testimony, such claims are waived. Appellant did not file a post-sentence motion alleging that the verdict was against the weight of the evidence presented, did not raise the issue on direct appeal, and did not allege that counsel was ineffective for failing to file such a motion. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight of the evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion); *Lambert*, 797 A.2d at 240 (holding that a claim that could have been raised on direct appeal, but was not, is waived under the PCRA). Appellant is also not entitled to relief on his claim that the victim had "changed her story" about the allegations between her statements to police and the time of trial. The well-established legal precept that a jury, while passing on the credibility of the witnesses, was free to believe all, part, or none of the evidence presented, requires us to conclude that no relief is available. *See, e.g., Commonwealth v. Smith*, 351 A.3d 1245, 1254 (Pa. Super. 2026). We note that the jury heard live testimony from the victim and also watched a video of the statement she gave at the Children's Resource Center. N.T. Jury Trial, Vol. II, at 221-272 (victim's testimony), 114 (CRC interview played for jury). The jury thus heard the full story of the incidents in question from the victim directly. Again, we will not re-weigh the credibility of the victim here. *Smith,* 351 A.3d at 1254. Moreover, a claim about discrepancies in a witness's testimony is not a cognizable issue under the PCRA – if a witness gives testimony at trial that differs from prior statements, the proper time to raise
*(Footnote Continued Next Page)*

- 14 -

notes **were** introduced at trial during the examination of Detective Corcoran. *See* N.T. Jury Trial Vol. II, at 182-88. The detective explained that, while the investigation into these offenses proceeded, at some point it became apparent that the victim, who had remained living with her mother, was not being supported by her mother. *Id.* at 180 (discussing jail recordings of speakerphone calls between Appellant and the victim's mother where it appeared that Appellant was attempting to influence the victim who was listening to the call). After listening to these recorded calls, police believed that the victim's overall well-being was in jeopardy; thus, the decision was made that the victim should go into foster care. *Id.* at 181. However, when the victim heard that she would go into foster care, she started crying, was very emotional, and then wrote a note saying that the incident did not happen and that she had lied. *Id.* at 183. When asked about the note later, the victim admitted that she just did not want to be taken away from her mother. *Id.*

In a second note, the victim made a statement that she had lied to a CYS caseworker. However, Detective Cocoran explained that the victim also made this statement just as she was told that she had to go into foster care. *Id.* at 184-85, 207-08. When the caseworker told the detective about the victim providing this statement, the caseworker also said that after more

_____

the issue would be during cross-examination. Once again, Appellant makes no claim of ineffectiveness, nor is there an analysis of the requisite factors for such a claim. There is no allegation of a constitutional violation. This is not a claim that will garner Appellant relief.

discussion, the victim admitted that she was recanting only to avoid being removed from her home; the victim also agreed to tell the truth about what happened, and then disclosed details of the abuse. *Id.* at 207-08.

The notes Appellant references were thus part of the evidence in front of the jury – the jury just chose not to believe the victim's alleged recantation, as is within their discretion. Thus, to the extent Appellant claims trial counsel was ineffective for failing to impeach or otherwise undermine the victim's testimony, that claim lacks arguable merit.

Moreover, Appellant baldly asserts that the victim appeared to be coerced when giving her testimony at his trial. This claim is not one of the enumerated avenues to obtain relief under the PCRA and thus is not cognizable.

The last issue raised in the *Anders* brief concerns Appellant's complaint that juror 1 and juror 2 talked in the jury box during his trial. *Anders* Brief at 21. Counsel suggests in the *Anders* brief that this issue has been waived. We agree. No objection was made during trial to these discussions and "[a] claim that has been waived is not cognizable under the PCRA." *Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008). Furthermore, Appellant does not raise a claim that trial counsel was ineffective for failing to object. Appellant will not be granted relief on this claim.

After conducting our independent evaluation of the record in this case, we agree with Attorney Weisenberger that Appellant's issues are without

merit, and no additional issues of merit are apparent. We thus will affirm the order that denied his PCRA petition.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026